U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUL - 1 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT L. DOW AND MARY P. DOW | : | DOCKET NO. 2:07-cv-1768 |
| VS. | : | JUDGE MINALDI |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the parties' Joint Motion to Remand [Doc. 9]. This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

This action was removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. In its Notice of Removal, Defendant asserted that complete diversity of citizenship existed and that the amount in controversy exceeded $75,000.00. [Doc. 1]. Defendant is a reciprocal interinsurance exchange domiciled in Texas, with its principal place of business in Texas. *Id.* Defendant alleged that Plaintiffs are citizens of Louisiana. *Id.* However, at some point subsequent to the filing of the parties' Rule 26(f) report, the parties recognized that United Services Automobile Association ("USAA"), as an association, is deemed a citizen of every state in which its members reside. *See Navarro Sav. Asso. v. Lee*, 446 U.S. 458 (1980); *Hummel v. Townsend*, 883 F.2d 367 (5th Cir. 1989). Therefore, the parties now agree that Plaintiffs "are not diverse in citizenship" with respect to Defendant and contend that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332. [Doc. 9, ¶ 1].

As there is no federal question at issue in this case, and as the parties are not diverse in citizenship, the undersigned finds that Defendant may not remove this action to federal court. Accordingly, subject matter jurisdiction is lacking and remand is required in accordance with the provisions of 28 U.S.C. § 1447(c). For the foregoing reasons,

**IT IS RECOMMENDED** that the Joint Motion to Remand [Doc. 9] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendant USAA be ordered to pay costs associated with the Joint Motion to Remand, as agreed. [Doc. 9, ¶ 2 ].

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 1st day of July 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE